Jeffrey ANCHOR, Shawn Anderson, Jennifer Anderson, Paul Barber, Linda L. Barber, Barbara A. Bell, Janet B. Bennage, Sheryl A. Bertoni, Joanne Billotti, Robert Blake, Lauren Blake, Gary Blosenhauer, Sandra Blosenhauer, Steven Blosenhauer, Angela Brett, Eric Brett, William D. Brice Jr., Carrie J. Brice, David F. Brusseau, Carol A. Brusseau, Necole Buzard, David L. Carpenter, Susan L. Carpenter, Jennifer Carpenter–Morgan, Richard E. Catlin, Bernadette Catlin, Stephanie Catlin, Thomas E. Catlin, Denise S. Catlin, Margaret G. Christopher, Steven Cox, Patrick Dann, Patricia Dann, Kevin Dann, Nolan C. Dean, Debra D. Defilipps, Susan Delfave, Geneva Delmascio, James Devine, Arthur Dipilato, Joanne Dipilato, Erwin Dominguez, Deborah Dominguez, Bonnie Fleischauer, Richard M. Flow, Diana L. Flow, Jennifer Flow, Michele Flow, Victor V. Flow, Theresa L. Flow, Kathleen Flow–Lamy, Thomas T. Flow, Linda Flow, Ellen M. Germeo, Geraldine C. Baron, Frances R. Gifaldi, Kathleen M. Gifaldi, Dean J. Goodwin, Mary S. Goodwin, Charles S. Hepler, Patricia Hepler, Alexander Hinkley, Kim A. Hinkley, Roxann Hinkley, Kevin Hinkley, Tracey Ann Hinkley, Kelly Hooker, Brian E. Horst, Georgie Horst, Barrie Horth, Cynthia Horth, Paul Hundley, Tanya Hundley, George Iannone, Sandra Jennings, Thomas Kretschmer, Helen Al-khazaali, Barbara Kretschmer, Leo F. Kuhn, Ruth Anne Kuhn, Maureen Longobardi, Norma H. Lawrence, Angeline G. Lusk, Dorothy A. Lutz, Kevin J. Lynch, Wendi Madden, David R. Pollock, Leslie Mandracchia, Stephen Markle, Cathy Markle, Barbara McAllister, Margaret McAllister, Mary Ellen Miles, Susan Mohney, Alexander J. Mounts, Joseph Mohney, Crystal A. Mounts, Richard A. Nenni, Carolyn M. Nenni, Roland D. Nenni III, Tammy E. Nenni, Luann Osborne, Dale Passarell, Lori Passarell, William Patterson, Jeff Penna, Gerilyn Penna, Andrew W. Saul, Luanne Pignataro, Dave Press, Ruth Press, Terry Probst, William E. Roberts, Amanda Roberts, Joseph D. Sanderson, Stephen F. Schubmehl Sr., Robyn C. Schubmehl, Stephen F. Schubmehl Jr., Josephine A. Schulte, Rebekah Wheeler–Smith, Steven R. Smith, Kenneth Swanger, Roxanne Swanger, Elsie Stazie, John Thomas, Victoria Thomas, Francis P. Trupo, Anita Trupo, Thomas S. Trupo, Christy H. Valsente, Ben J. Northern, Deborah A. Waite, Jennifer L. Welch, Emily C. Weldon, Donald Wharram, Jane Wharram, Norman G. Wheeler, Virginia K. Wheeler, Kimberly Whittier, Marine Worth, Kathleen Stowell, Plaintiffs–Appellants,

v.

NOVARTIS GRIMSBY LIMITED, Novartis International Pharmaceuticals Limited, and Novartis Pharma AG, Defendants–Appellees,

Novartis Pharmaceuticals Corporation and Novartis AG, Defendants.

No. 07–0030–cv.

United States Court of Appeals, Second Circuit.

June 26, 2008.

Alan J. Knauf, Knauf Shaw LLP, Rochester, NY, for Appellants.

Grant J. Esposito, Morrison & Foerster LLP, New York, NY, for Appellees.

PRESENT: Hon. PETER W. HALL and Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. COLLEEN McMAHON, District Judge.*

* The Honorable Colleen McMahon, United States District Court Judge for the Southern

## SUMMARY ORDER

Plaintiffs appeal from a November 27, 2006, 2006 WL 3419846, decision of the district court dismissing the action against defendants Novartis Grimsby Ltd. ("Grimsby"), Novartis International Pharmaceuticals Ltd. ("NIP"), and Novartis Pharma AG ("Pharma") for lack of personal jurisdiction and denying plaintiffs' request for jurisdictional discovery. We assume the parties' familiarity with the facts and procedural history of the case.

"We review district court decisions on personal jurisdiction for clear error on factual holdings and *de novo* on legal conclusions." *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.,* 264 F.3d 32, 36 (2d Cir.2001). Plaintiffs must make a prima facie showing that jurisdiction exists to survive a motion to dismiss for lack of personal jurisdiction. *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 242 (2d Cir.2007). Accordingly, "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.1996). "[A] plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Id.* And "we construe the pleadings and affidavits in plaintiff's favor at this early stage." *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir. 1997).

■ "The amenability of an out-of-state corporation to suit in a federal district court is determined by the law of the state in which the district court sits." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 102–03 (2d Cir.2006). We thus apply New York law. The district court properly found that it did not have personal jurisdiction over defendants because they do not fall under the relevant

provision of New York's long-arm jurisdiction statute, N.Y. C.P.L.R. 302(a)(3)(ii). Section 302(a)(3)(ii) provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . .
>
> > 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he . . .
> >
> > > (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. . . .

Plaintiffs have not made a prima facie showing that (1) defendants committed a tortious act without New York state; or that (2) the tortious act caused injury to plaintiffs.

First, plaintiffs have failed to show that defendants committed a tortious act outside New York. Plaintiffs allege that defendants somehow controlled Diaz Chemical Corporation's ("Diaz's") production of 2–chloro–6–fluorophenol ("CFP"), and that their failure to ensure that Diaz produced CFP safely constituted a tortious act committed outside New York. Plaintiffs offer only conclusory statements regarding defendants' direction and control over the production of CFP at Diaz, and the documents they submit do not support these statements. Rather, these documents evidence that defendants and Diaz negotiated about a potential agreement whereby Diaz would manufacture CFP for sale to defendants. Although Novartis provided Diaz with the formula for CFP, there is no indication that defendants instructed Diaz

District of New York, sitting by designation.

on the particulars of how to manufacture CFP. Plaintiffs' suggestion that defendants, having solicited Diaz as a possible supplier, assumed a duty to supervise Diaz's manufacturing operations finds no support in New York law. Plaintiffs, therefore, have not made a prima facie showing that defendants committed a tortious act outside New York.

■ Second, plaintiffs have not shown that defendants' alleged tortious acts caused the injuries of which they complain. The incident report in the record indicates that the explosion was caused by a foreman's failure to reopen a vent line valve when warming one of the reactors. Beyond plaintiffs' conclusory allegations that defendants should have done a better job of overseeing Diaz's safety procedures, there is no indication that any actions (or any inaction) on defendants' part caused the injuries that plaintiffs later suffered.

■ Finally, plaintiffs argue that the district court should have allowed them jurisdictional discovery. We review the district court's denial of plaintiffs' request for jurisdictional discovery for an abuse of discretion. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir.1998) (concluding that the district court did not err in denying jurisdictional discovery where plaintiffs failed to establish a prima facie case of jurisdiction, and citing *Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir.1975), for the proposition that such denials are reviewed for an abuse of discretion). We cannot say the district court abused its discretion in denying plaintiffs jurisdictional discovery where they failed to make any prima facie showing of jurisdiction. *See id.*

We have considered all of plaintiffs' other arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.